# EXHIBIT "A"

IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

TIANAY MOORE                                                  PLAINTIFF

VS.                                                     CAUSE NO.: 21-68

WALGREEN CO. and
AB; CD; EFG, LTD.; HIJ, INC.; KLM, L.L.C.                       DEFENDANTS

### SUMMONS

THE STATE OF MISSISSIPPI
TO: Walgreen Co.
     Registered Agent:
     The Prentice-Hall Corporation System, Inc.
     7716 Old Canton Road, Suite C
     Madison, MS 39110

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to Lauren R. Sullivan, Esquire, the attorney for the Plaintiff, whose address is 1712 15th Street, Suite 300, Gulfport, Mississippi 39501.

Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 21 day of April, 2021.

CIRCUIT CLERK OF FORREST COUNTY

BY: Gwen Wilkes by CPierce, D.C.

FILED
APR 2 1 2021

FORREST COUNTY CIRCUIT CLERK

IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

TIANAY MOORE                                        PLAINTIFF

VS.                                                   CAUSE NO.: 21-108

WALGREEN CO. and
AB; CD; EFG, LTD.; HIJ, INC.; KLM, L.L.C.            DEFENDANTS

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes the Plaintiff, Tianay Moore, who file this Complaint, against the Defendants, and shows this Honorable Court that:

I.

Plaintiff, Tianay Moore, is an adult resident citizen of Lamar County, Mississippi.

II.

Defendant, Walgreen Co. ("Walgreens"), upon information and belief, is a foreign company doing business in the State of Mississippi, who may be served with process pursuant to the Mississippi Rules of Civil Procedure.

III.

Defendants, AB; CD; EFG, LTD.; HIJ, INC.; KLM, L.L.C., are individuals, partnerships, limited partnerships, corporations, and limited liability companies, that are unknown to Plaintiff at this time who may be responsible for the injuries, damages, and pain suffered by client on or about April 29, 2018.

IV.

This cause of action happened in Forrest County, Mississippi; therefore, venue is proper in this Court.

V.

That on or about April 29, 2018, at approximately 6:15 P.M., and at all times

hereinafter mentioned, Tianay Moore, was a patron of the Walgreens location formerly known as Rite-Aid located at 5916 U.S. Highway 49, Hattiesburg, Forrest County, Mississippi, within the jurisdiction of this court.

VI.

On April 29, 2018, while Tianay Moore was walking through the parking lot of this Walgreens location, Plaintiff stepped near a drainage gate located in the Walgreens parking lot when the asphalt caved underneath Plaintiff, thereby causing her leg to collapse through the asphalt with Plaintiff striking the ground.

VII.

In no way did Tianay Moore contribute to the incident.

VIII.

The incident described above was caused solely and proximately by the gross and flagrant recklessness, carelessness, negligence and fault of Defendants in the following, non-exclusive, particulars, to-wit;

a) In failing to maintain the store parking lot, including any and all drainage systems;

b) In failing to properly secure the area where the dangerous condition was present;

c) In failing to use reasonable care to keep the premises free of hazardous conditions;

d) In failing to warn of potential unsafe and hazardous conditions;

e) In having constructive or actual knowledge and not properly warning of the hazardous condition;

f) In creating a hazardous condition;

g) In failing to remove the hazardous condition; and

h) Any and all other acts of negligence and fault to be proven through discovery or at the trial of this matter.

IX.

That as a result of the aforesaid incident, Plaintiff, Tianay Moore, has sustained serious bodily injuries, including but not limited to her back and right leg, specifically her right knee.

X.

Plaintiff, Tianay Moore, has suffered the following damages: bills for medical treatment, past and future; loss of wages, past and future; physical pain and suffering including loss of enjoyment of life, past and future; and mental and emotional distress, past and future.

XI.

Plaintiff shows that she is entitled to a trial by jury on all issues raised herein, and prays for a trial by jury on all issues raised herein.

WHEREFORE, your Plaintiff, Tianay Moore, pray that Defendants be served with a copy of this Complaint, and after being duly cited to appear and answer, and after the expiration of all legal delays and due proceedings, that there be judgment rendered for Plaintiff and against Defendants, with legal interest at the rate of 8%, and for all costs of these proceedings, and for all legal and equitable relief as appropriate. Further, a **TRIAL BY JURY** is requested on all issues and all counts.

RESPECTFULLY SUBMITTED, this the 21 day of April 2021.

LAUREN SULLIVAN, MSB # 105180
*Attorney for Plaintiff*

MORRIS BART, LTD.
1712 15TH STREET, SUITE 300
GULFPORT, MS
Telephone: (228) 574-4145
Fax:        (228) 574-4149
Email:      Lsullivan@morrisbart.com

IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

TIANAY MOORE                                                                           PLAINTIFF

VS.                                                                                                        CAUSE NO.: 21-00068

WALGREEN CO. and
AB; CD; EFG, LTD.; HIJ, INC.; KLM, L.L.C.              DEFENDANTS

## PLAINTIFF'S FIRST SET OF COMBINED DISCOVERY REQUESTS AND REQUEST FOR ADMISSIONS TO DEFENDANT, WALGREEN CO.

COMES NOW Plaintiff, Tianay Moore, by and through undersigned counsel, and propounds the following Interrogatories and Requests for Production of Documents to the Defendant, Walgreen Co., to answer the following Interrogatories and Request for Production of Documents, separately, fully, under oath and in writing, within thirty (30) days after receipt thereof, pursuant to the provisions of the Mississippi Rules of Civil Procedure.

Each interrogatory is deemed to be continuing and should be supplemented in the event additional information becomes known to you as per all Mississippi Law applicable hereto.

## DEFINITIONS

"You" or "Your" means Walgreen Co., and all representatives, attorneys, or other parties acting on behalf of Walgreen Co.

"Document" means any written, recorded or graphic matter however produced or reproduced.

"Identify" or "Identity" when used with respect to an individual means to state his/her full name, his/her job title, his/her present or last known employer, his/her present or last known telephone number, address, and his/her social security number, if available.

"Identify" or "Identity" when used with reference to a Document means to state the type of Document (e.g. lease, memoranda, log, diary, record, contract, agreement, telegram, telex, letter, note, chart, map, etc.) or some other means of Identifying it, its location and custodian, the

date thereon, the Identity of any party or parties whose name or names appear thereon, or in lieu thereof, attach a copy of each such Document.

"Plaintiff" will be used in the singular form throughout. Where more than one Plaintiff is involved, a separate response is requested for each such petitioner, unless Your response is identical as to each Plaintiff.

"Incident" refers to the Incident described in the Complaint forming the basis for the above-captioned petition.

<u>Describe</u>, as used in these interrogatories, requests that the response explain, <u>in complete detail</u>, the event or thing inquired about, utilizing any and all information available at the time of response.

<u>State</u>, as used in these interrogatories, requests that the answer be either in the affirmative, or the negative.

## REQUEST FOR ADMISSIONS TO DEFENDANT

The Plaintiff, Tianay Moore, by and through her undersigned attorney of record, request that the Defendant, Walgreen Co., answer the following Request for Admissions pursuant to Rule 36 of the Mississippi Rules of Civil Procedure. The Defendant is put on notice that the Plaintiff will seek any and all costs, including but not limited to attorneys' fees, pursuant to Rule 37(c) of the Mississippi Rules of Civil Procedure, for any denial which is later proven.

1. Admit that Tianay Moore was a on the property of the Walgreen Co. store located at 5916 U.S. Highway 49, Hattiesburg, Forrest County, Mississippi, formerly know as Rite-Aid, on April 29, 2018.

2. Admit that Walgreen Co. was negligent in failing to maintain their premises, specifically, the parking lot, in a safe condition.

3. Admit that Walgreen Co.'s negligence was the sole proximate cause of the subject

incident.

4. Admit that Walgreen Co.'s negligence resulted in, at least some physical injury to Tianay Moore.

5. Admit that Tianay Moore did not cause or contribute to the incident.

6. Admit that no unnamed third party was negligent in causing or contributing to the subject incident. [If this is denied, please identify the unnamed third party that you feel might have caused or contributed to the subject incident.]

7. Admit that *service* of process upon Walgreen Co. was sufficient.

8. Admit that this cause of action occurred or accrued in Forrest County, Mississippi; and, pursuant to the provisions Miss. Code Ann. §11-11-3, as amended, venue is proper in the Court that it is filed in.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify yourself.

### INTERROGATORY NO. 2:

Please identify any and all individuals who have any relevant or discoverable information regarding the facts and circumstances surrounding the incident at issue.

### INTERROGATORY NO. 3:

Please state the following with regard to any and all policies of insurance (both primary and excess) which were in full force and effect at the time of the Incident sued upon herein, purporting to insure You against the risks and liabilities asserted by Plaintiff herein:

a. the name of the insurance company or companies issuing said policy or policies;

b.  the limits of coverage of each such policy or policies;

c.  the effective dates of such policies;

d.  the nature of any exclusions which may be relevant to this Incident; and

e.  all policy numbers.

**INTERROGATORY NO. 4:**

Please describe in great detail how You contend the Incident occurred. Furthermore, if You contend that Plaintiff or any other person acted in such a manner as to cause or contribute to Plaintiff's injury and/or the Incident, give a concise statement of the facts upon which You rely, and Identify all third persons whom You contend caused or contributed to the Incident. If You contend that any other person acted in such a manner as to cause or contribute to Plaintiff's injury and/or the Incident, please Identify all other such persons.

**INTERROGATORY NO. 5:**

Please state whether any investigations were conducted of the incident in question, and, if there were, describe any and all investigative documents; identify any and all persons who directed any investigation; and identify any and all persons having present custody or control of any information obtained from any investigations.

**INTERROGATORY NO. 6:**

Please Identify any and all witnesses to the Incident, all persons known to You who were present at the scene of the Incident, all employees who came into contact with the Plaintiff after this fall, and all other persons whom You may reasonably expect to call as a witness at the trial of this matter, and provide a brief summary of their expected testimony.

**INTERROGATORY NO. 7:**

· Please state whether any statement was obtained from any person, concerning this incident, by you or someone on your behalf, including any insurance representatives or investigators. If so, identify: any and all persons giving, or taking, any and all such statements; and, any and all persons who presently have care, custody, or control of any and all such statements; then, provide the date each such statement was obtained; and, describe whether each such statement was verbal, written, tape recorded, or recorded in any other manner.

**INTERROGATORY NO. 8:**

Please state whether you heard, recorded, or transcribed any statement made by any Plaintiff named herein, then describe: the substance of any and all such statements; the time and place of hearing, recording, or transcribing any and all such statements; the method of recordation of any and all such statements; and, identify any and all persons who presently have care, custody, or control of any and all such statements.

**INTERROGATORY NO. 9:**

Do You have any photographs, video tapes, motion pictures, slides, films, or any other Documentary evidence depicting the Incident, the fall site, the Incident scene, the Plaintiff, Tianay Moore, or any other matter relevant to this suit? If so, please state the number of photographs, videotapes, and/or slides, the temporal length of the motion pictures and/or video tapes, motion pictures, and films, the type and character of any other Documentary evidence, a general description of the contents of all such Documentary evidence, the Identity of the photographer, the date such Documentary evidence was taken or recorded, and the Identity of the present custodian of the negatives, originals, prints and all copies of such Documentary evidence.

**INTERROGATORY NO. 10:**

As to each expert for whom You expect to call as a witness at trial, please state as to each:

    a. His/her name, address and anticipated field of expertise for which You will tender him/her;

    b. The subject matter on which he/she is expected to testify;

    c. The substance of facts and opinions to which the expert is expected to testify;

    d. A Summary of the grounds for each such opinion; and

    e. A detailed statement of his/her qualifications, expertise, educational history, testimonial history, and any of his/her articles, publications, presentations or papers.

**INTERROGATORY NO. 11:**

Identify each person whom you expect to call as a lay witness at trial, and, describe the testimony to be introduced at trial.

**INTERROGATORY NO. 12:**

Please Identify any and all Documents and things which You might reasonably attempt to use, reference or introduce into evidence at the trial of this matter.

**INTERROGATORY NO. 13:**

Please describe any and all facts and documents which support any and all affirmative defenses pled in your answer.

INTERROGATORY NO. 14:

Please state whether you contend that the incident sued upon herein was caused by any third party not named, and, if so, identify any and all third parties, and, describe the basis for your contention.

INTERROGATORY NO. 15:

Please state whether you contend that the medical condition of Plaintiff, and/or the medical condition of any Plaintiff herein, was caused by or related to a pre-existing medical condition, and, if so, describe the basis of such contention.

INTERROGATORY NO. 16:

Please identify any and all employees working in the 24 hour period before, during, and after at the subject facility, who could have been in the subject area at some point during that time frame.

INTERROGATORY NO. 17:

Please state whether there were warning signs regarding the incident area of the parking lot prior to the incident in question, and if so, where they were placed.

INTERROGATORY NO. 18:

Please state how the subject asphalt caved underneath the Plaintiff as she was walking through the parking lot.

INTERROGATORY NO. 19:

Please indicate how often inspections are conducted of the subject area, when the last inspection was done of the subject area, and who did said inspection.

**INTERROGATORY NO. 20:**

Please advise whether there have been any other incidents of any kind involving the subject area of the parking lot in the previous three (3) years before this fall, or since the time of this incident.

**INTERROGATORY NO. 21:**

Please advise whether there are any policies or procedures for dealing with unsafe parking lot conditions at Walgreen Co. stores.

**INTERROGATORY NO. 22:**

If you contend that you warned the Plaintiff and others about a dangerous condition, please identify what warning(s) was given, when said warning was given, and how said warning was given.

**INTERROGATORY NO. 23:**

Please state what precautions were taken before this incident to prevent the subject fall from happening.

**INTERROGATORY NO. 24:**

Please advise and explain what safety policies and procedures you have in place to prevent falls at the Walgreen Co. stores, whether by employees or visitors, and whether those policies and procedures were in place prior to this incident.

**INTERROGATORY NO. 25:**

Please advise whether you were aware of the unsafe condition of the parking lot in the subject area.

## REQUEST FOR PRODUCTION

**REQUEST NO. 1:**

Please produce a copy of any and all Incident and/or investigation reports prepared in connection with the Incident in question.

**REQUEST NO. 2:**

Please produce a copy of any and all statements in Your possession taken from persons having knowledge of facts pertaining to the Incident in question. If such statements have been recorded, please produce a copy of each such recording. Additionally, if such statements have been transcribed, please produce a copy of each transcription.

**REQUEST NO. 3:**

Please produce any and all medical reports, records, bills, x-rays and notes concerning Plaintiff other than those provided to you by plaintiff's counsel or other documents reflecting Plaintiff's medical history, condition, complaints of pain or other symptoms, before or after the subject incident.

**REQUEST NO. 4:**

Please produce any surveillance photographs, films, reports, records, notes and videotapes you have or have access to, which were made during or after this incident, at the scene of the incident, of any Plaintiff. Please provide color copies or make the photos or videotapes available so that Plaintiff can arrange for reproduction of them in their original form.

**REQUEST NO. 7:**

Please produce a certified copy of any and all policies of liability insurance, both primary and excess, which were in full force and effect at the time of the accident sued upon, which

purportedly provides You with coverage against the claims and liabilities asserted by Plaintiff herein.

**REQUEST NO. 8:**

Please produce a copy of any reports of any expert you retained related to this suit and expect to testify at trial.

**REQUEST NO. 9:**

If You contend that Plaintiff's damages were caused by something other than the Incident in question, please produce a copy of any and all Documents and things which support Your contention.

**REQUEST NO. 10:**

All documents which you intend to introduce at the trial of this matter.

**REQUEST NO. 11:**

Please produce all memoranda, correspondence, and reports maintenance of the parking lot area.

**REQUEST NO. 12:**

Please identify any and all written warnings which you contend would have placed Plaintiff on notice of the risk of fall in the parking lot.

**REQUEST NO. 13:**

Please provide any and all documents, videos, images, or anything of the like concerning Walgreen Co.'s policies and/or procedures dealing with safety both inside and outside their facilities.

**REQUEST NO. 14:**

Please produce a copy of any and all internal documents, policies, procedures, guidelines and/or other tangible items, which have ever addressed the issues of safety.

**REQUEST NO. 15:**

Please produce a copy of all inspection and maintenance records for the subject area where this fall occurred.

**REQUEST NO. 16:**

Please produce a copy of any and all safety manuals or any documents concerning safety at Walgreen Co. stores.

**REQUEST NO. 17:**

Please produce all training and safety manuals for maintenance personnel.

**REQUEST NO. 18:**

Please produce a copy of any and all internal documents, policies, procedures, guidelines and/or other tangible items, concerning safety of patrons or visitors to the property. This would include, but is not limited to: any type of manual, document, policy, procedure, or regulation, which indicates how often areas are to be inspected, how safety concerns are to be handled, what to do in case of an injury on the premises, how to prevent injuries and trip and falls on the premises, and whether employees have any responsibility for maintaining safety on the premises.

**REQUEST NO. 19:**

Please produce a list of employees who were working at the time of the incident on April 29, 2018.

RESPECTFULLY SUBMITTED, this 21 day of April, 2021.

ATTORNEY FOR PLAINTIFF
MORRIS BART, LTD.
1712 15TH STREET, SUITE 300
GULFPORT, MS
(228) 432-9000, TELEPHONE
(228) 574-4149, FAX

BY: _____
LAUREN SULLIVAN, MSB # 105180